CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
09/07/2018
JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ROBERT SHENTON,<br>               *Plaintiff,*<br>v.<br>AEROJET ROCKETDYNE, INC.,<br>               *Defendant.* | CASE NO. 3:18-cv-00038<br><br>**MEMORANDUM OPINION**<br><br>JUDGE NORMAN K. MOON |

Plaintiff Robert Shenton has worked for Defendant Aerojet Rocketdyne, Inc. for over forty years. Shenton, sixty-three years old when he filed the complaint in 2017, alleges age discrimination and retaliation in violation of the Age Discrimination in Employment Act (ADEA). Shenton claims Aerojet demoted him from his role as Vice President of Operations and passed him over for promotions based on his age. Shenton alleges that Aerojet maintained a "high potential" program designed to target only younger employees for advancement, and that Aerojet executives made discriminatory comments about his age and retirement plans. Aerojet has moved to dismiss both claims pursuant to Fed. R. Civ. P. 12(b)(6).

Shenton has pled sufficient facts to state a discrimination claim under the ADEA, and his discrimination claim will thus survive. Shenton's retaliation claim, however, will be dismissed without prejudice, as Shenton has failed to plausibly allege that the decisionmakers who demoted him and passed him over for promotions were aware of his protected activity. Moreover, Shenton has failed to plausibly allege temporal proximity between his protected activity and the adverse employment actions he alleges.

# I. Factual Allegations

Defendant Aerojet Rocketdyne, Inc. is a rocket and missile propulsion manufacturer serving the space, missile defense, and tactical systems sectors. (Complaint ¶¶ 4–5). Plaintiff Robert Shenton has been continuously employed by Aerojet since 1977. (*Id.* ¶¶ 3, 7). Shenton turned sixty-three in 2017. (*Id.* ¶ 1).

After a steady succession of promotions, Shenton was named Aerojet's Chief Operating Officer (COO) in February 2006. (*Id.* ¶ 9). When Aerojet eliminated the COO position in May 2010, Shenton was renamed Vice President of Sustainable Operations (VPSO). (*Id.* ¶ 10). In June 2013, Shenton was named Vice President of Operations (VPO), a role which gave him "direct" oversight of 1,500 employees.[1] (*Id.*).

"[A] few years ago" it "became evident" to Shenton that Aerojet viewed him as "too old for further advancement." (*Id.* ¶ 9). Two incidents prompted this belief. First, Aerojet maintained a program designed to identify and promote "high potential" employees, nicknamed "hi-pots." (*Id.* ¶ 15). The company's former president, Warren Boley, "made it clear" that the hi-pot designation was reserved for "young employees" and rejected some proposed hi-pot candidates as "too far along in their career." (*Id.* ¶¶ 18–19). Shenton complained to his supervisors and Human Resources about this "discriminatory conduct." (*Id.* ¶ 21). Second, Shenton presents several comments made by Aerojet executives as evidence of age discrimination. For instance, Boley asked Shenton and another job applicant about their "age and retirement plans." (*Id.* ¶ 22). A "Senior VP" made similar inquiries. (*Id.*). Again, Shenton "reported all of these incidents" to Human Resources. (*Id.* ¶¶ 22–23).

---

[1] Aerojet questions whether "one person could ever directly supervise 1,500 people." (Dkt. 13 at 4). But the Court must credit Shenton's factual allegations at this stage. *See Iqbal v. Ashcroft*, 556 U.S. 662, 678–79 (2009).

2

"Shortly after" reporting these "improper statements," Aerojet removed Shenton from his role as VPO in March 2015. (*Id*. ¶¶ 24, 28). With the exception of one administrative assistant, Shenton lost responsibility for all "direct reports" of approximately 1,500 employees. (*Id*. ¶ 28). Aerojet replaced Shenton with Ron Felix, a "younger employee." (*Id*.). Although the demotion did not entail a decrease in compensation, Shenton's removal as VPO was nonetheless a serious "demotion in status and reporting structure." (*Id*. ¶¶ 24, 28).

After Shenton's March 2015 demotion, Aerojet reinstated the COO position, filling it at least twice in 2015. (*Id*. ¶ 29). Aerojet also filled "at least two" senior Vice President positions. (*Id*.). Shenton alleges that Aerojet posts all job openings to current employees but failed to post these positions. (*Id*. ¶¶ 32–33). Although "highly qualified," Shenton was not considered for these openings or invited to interview. (*Id*. ¶¶ 30, 33, 36). At some unspecified point in time, Shenton filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). (*Id*. ¶ 25). This suit followed.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint to determine whether a plaintiff has properly stated a claim; it "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). The Court must take all facts and reasonable inferences in favor of the plaintiff, disregard any legal conclusions, and not credit any formulaic recitations of the elements. *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007).

### III. ANALYSIS

#### A. Exhaustion of Administrative Remedies

Before filing suit under the ADEA, a plaintiff must first "file a charge of discrimination with the EEOC." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). A plaintiff's failure to exhaust administrative remedies "deprives the federal courts of subject matter jurisdiction over the claim." *Id.* at 300–301. *See also Bridgeforth v. Potter*, No. 3:10-CV-00030, 2011 WL 3102422, at *7 (W.D. Va. July 25, 2011) (plaintiff's failure to exhaust "deprives the federal courts of subject matter jurisdiction over a Title VII claim . . . and the same is true of claims made under the ADEA"). The complaint's discussion of exhaustion is limited to a brief statement that Shenton "fil[ed] a Charge of Discrimination with the EEOC." (Complaint ¶ 25).

Aerojet initially argued in its brief that Shenton failed to "fully or clearly allege" exhaustion,[2] (dkt. 7 at 6, n.5), but then conceded at oral argument that Shenton had fully exhausted his administrative remedies. This concession comes after Aerojet acknowledged in its brief that Shenton filed a charge of discrimination with the EEOC on December 28, 2015, and that the EEOC subsequently issued a right-to-sue letter on February 27, 2017. (Dkt. 7 at 6, n.5).

Although Aerojet no longer challenges exhaustion, a federal court must nonetheless "satisfy itself of its subject matter jurisdiction even if the parties do not raise the issue." *MDC Innovations, LLC v. Hall*, 726 F. App'x 168, 172 (4th Cir. 2018). *See also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case."). Given Shenton's general allegation of having filed a charge with the EEOC, and Aerojet's

---

[2] Aerojet did not style its exhaustion argument as a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Dkt. 7 at 5–6). Accordingly, the Court evaluates exhaustion here pursuant to its independent duty to "satisfy itself of its subject matter jurisdiction." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

4

concessions in briefing and at oral argument that Shenton both filed a charge and received a right-to-sue letter, the Court is satisfied that Shenton exhausted all available administrative remedies before the EEOC. Accordingly, the Court concludes that it has subject matter jurisdiction over this matter.

## B. Aerojet's Motion to Dismiss

The ADEA makes it illegal for an employer to discriminate against an employee "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Likewise, an employer may not "limit, segregate, or classify his employees" so as to "deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age." *Id*. § 623(a)(2). Additionally, the ADEA prohibits employers from retaliating against any employee who "has opposed" activity that violates the ADEA. *Id*. § 623(d).

In a single count, Shenton brings both a discrimination claim and a retaliation claim. Aerojet moves to dismiss both. For the reasons set forth below, the Court will deny the motion to dismiss with respect to Shenton's discrimination claim but will grant the motion with respect to Shenton's retaliation claim.

### i. Shenton's Discrimination Claim

To state a discrimination claim under the ADEA, Shenton must plausibly allege that: (1) he is a member of a protected class, namely individuals who were at least forty years old at the time of the alleged discrimination; (2) he suffered adverse employment action; (3) he was performing his job duties at a level that met his employer's "legitimate expectations" at the time of the adverse action; and (4) the positions in question remained open or were filled by someone outside the protected class. *See Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 285 (4th

5

Cir. 2004), *abrogated on other grounds by Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013). *See also Arthur v. Pet Dairy*, 593 F. App'x 211, 216–17 (4th Cir. 2015) (same elements); *Bodkin v. Town of Strasburg*, 386 F. App'x 411, 413–14 (4th Cir. 2010) (same).

Taking Shenton's factual allegations as true, Shenton has alleged sufficient facts to state a discrimination claim. Shenton alleges that (1) he turned sixty-three in 2017, meaning he was over forty and a member of the "protected class" at the time of the alleged adverse actions, (Complaint ¶ 1); (2) he suffered an "adverse employment action" when he was demoted from the VPO position and passed over for promotion opportunities after reporting age-based comments and Aerojet's "high potential" program, (*id*. ¶¶ 15–17; 28–45); (3) he "met or exceeded Aerojet's performance standards at all times," (*id*. ¶ 11); and (4) he was replaced as VPO by a "younger employee." (*Id*. ¶ 28). Taken together, these factual allegations are sufficient to state a claim for discrimination under the ADEA.

Aerojet raises multiple arguments to the contrary, two of which merit discussion. First, Aerojet argues that Shenton has failed to establish that age was the "but-for" cause of the alleged adverse employment actions. (Dkt. 7 at 8). To be sure, a plaintiff alleging age discrimination under the ADEA must eventually prove that age was the "but-for" cause of the alleged adverse action by a preponderance of the evidence. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176, 178–79 (2009); *Henson v. Liggett Group, Inc*., 61 F.3d 270, 274 (4th Cir. 1995). However, Shenton's allegations that his age "was the cause" of adverse employment actions is sufficient at the motion to dismiss stage.[3] *Buchhagen v. ICF Intern., Inc.,* 545 F. App'x 217, 220 (4th Cir.

---

[3] The Fourth Circuit has not definitively established this point in a binding published opinion. Other circuits have reached similar conclusions. *See Buchanan v. Delta Air Lines, Inc.,* 727 F. App'x 639, 642 (11th Cir. 2018) ("To succeed *at trial* on an age-discrimination claim under the ADEA, the plaintiff must prove that age was the 'but-for' cause of the adverse employment decision . . ." (emphasis added)); *Franchino v. Terence Cardinal Cook Health Care*

2013). *See also Duffy v. Belk*, 477 F. App'x 91, 96 (4th Cir. 2012) ("A plaintiff alleging an ADEA claim must show that the adverse employment action was motivated by age.").

Here, Shenton alleges that he was demoted and passed over for promotions because of his complaints about Aerojet's "high potential" program and age-based comments by Aerojet executives. (Complaint ¶¶ 19, 22, 24–26). Elsewhere, Shenton states that "age-based animus" led Aerojet to deny him advancement opportunities, and that Aerojet views Shenton as "too old for further advancement." (*Id*. ¶¶ 26, 35). Thus, contrary to Aerojet's argument, Shenton has sufficiently alleged that his age "was the cause" of the alleged adverse employment actions. *Buchhagen*, 545 F. App'x. at 220. He need not do more at this stage.

Second, Aerojet argues that Shenton has failed to identify an "adverse employment action." (Dkt. 7 at 10). Shenton alleges two potential adverse actions: his March 2015 demotion from his role as VPO, and Aerojet's subsequent failure to consider him for various job openings at the senior Vice President and COO level. (Complaint ¶¶ 28–33). The Fourth Circuit defines adverse employment actions broadly as discriminatory acts that "adversely affect the terms, conditions, or benefits of the plaintiff's employment." *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375–76 (4th Cir. 2004).

Demotion of an employee, "loss of job title or supervisory responsibility," and "reassignment" to a role with "significantly different responsibilities" all qualify as adverse employment actions. *Boone v. Goldin*, 178 F.3d 253, 255–56 (4th Cir. 1999) (quoting *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)). *See also Hoyle v. Freightliner,*

---

*Center, Inc.*, 692 F. App'x 39, 42 (2d Cir. 2017) (plaintiff must "ultimately prove that age was the 'but-for cause' of his employer's adverse action" to prevail on ADEA discrimination claim but need only "plausibly allege" employer's age-based discriminatory motivation at motion to dismiss stage). The Court finds this authority persuasive. Although Shenton must eventually prove but-for causation, he need only plausibly allege it at this stage.

7

*LLC*, 650 F.3d 321, 338 (4th Cir. 2011); *Knoskie v. Va. Department of Corrections*, No. 2:16-cv-00019, 2017 WL 673909, at *3 (W.D. Va. Feb. 17, 2017). Here, Shenton alleges a demotion that resulted in the loss of his title as VPO and supervision of approximately 1,500 "direct reports." (Complaint ¶ 28). Aerojet asserts that this demotion does not qualify as an adverse action because Shenton "suffered no loss in pay." (Dkt. 7 at 11). This argument fails. Although "reassignment to a new position commensurate with [an employee's] salary level does not constitute an adverse employment action" absent some decrease in "job title, level of responsibility, or opportunity for promotion," Shenton alleges a decrease in all three. *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375–76 (4th Cir. 2004); (Complaint ¶¶ 24, 28–29).

An employer's failure to promote an employee similarly qualifies as an adverse employment action. *See Adams v. Anne Arundel Co. Public Schools*, 789 F.3d 422, 431 (4th Cir. 2015); *Knoskie*, 2017 WL at *3 (noting that "reduced opportunities for promotion" qualifies as an adverse employment action). To state a failure-to-promote claim, a plaintiff must allege that (1) he is a member of a "protected group" (here, individuals over forty years old at the time of the alleged discrimination); (2) he "applied" to a "specific position"; (3) he was "qualified for that position"; and (4) his employer rejected his candidacy "under circumstances that give rise to an inference of discrimination." *Williams v. Giant Food*, 370 F.3d 423, 430–31 (4th Cir. 2004). The requirement that a plaintiff must have "applied" to the position in question "may be relaxed and the employee treated as if [he] had actually applied" if the employer "fails to make its employees aware of vacancies." *Id.* at 431. This is so because "an employee by definition cannot apply for a job that he or she does not know exists." *Id.*

8

Here, Shenton alleges that (1) he was in his early sixties[4] and thus part of a protected class when Aerojet filled COO and senior Vice President positions without considering him, (Complaint ¶¶ 35, 29); (2) Aerojet failed to post either the COO or senior Vice President positions, thus relaxing the application requirement, (*id.* ¶ 31); (3) he was "more than qualified to receive a promotion to one of these vacancies," (*id.* ¶ 31); and (4) Aerojet's failure to consider him for these openings followed his complaints to Human Resources and his supervisors about age-based comments and the "high potential" program, (*id.* ¶ 26), thereby permitting a reasonable inference that Aerojet failed to make Shenton aware of advancement opportunities and consider him for executive-level vacancies based on Shenton's age and protected activity. Thus, Shenton has adequately alleged two adverse employment actions: his March 2015 demotion and Aerojet's failure to consider him for advancement between 2015 and 2017.

In sum, Shenton has pled sufficient facts to state a claim for discrimination under the ADEA. His discrimination claim will thus survive.

### ii. Shenton's Retaliation Claim

Aerojet also moves to dismiss Shenton's retaliation claim. To state a retaliation claim under the ADEA, a plaintiff must allege that: (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *See Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (establishing these elements for Title VII retaliation claims); *Ramos v. Molina Healthcare, Inc.*, 603 F. App'x 173, 180 (4th Cir. 2015) (applying *Coleman* Title VII elements to ADEA retaliation claim); *Tate v. Auto Truck Transport USA, LLC*, No. 3:17-cv-00296, 2018 WL

---

[4] Shenton alleges that he turned sixty-three in 2017, (Complaint ¶ 35), and that Aerojet filled several executive-level vacancies "[s]ince 2015." (*Id.* ¶ 35). Accordingly, Shenton was between sixty-one and sixty-three years old at the time he alleges Aerojet passed him over for various promotions.

9

3887517, at *2–3 (W.D. N.C. Jan. 31, 2018) (same).

Under the first element, "protected activity" includes "utilizing informal grievance procedures" to report discriminatory practices, *DeMasters v. Carilion Clinic*, 796 F.3d 409, 417 (4th Cir. 2015), as well as filing an EEOC charge. *King v. Rumsfeld*, 328 F.3d 145, 151 (4th Cir. 2003). Under the second element, an "adverse employment action" includes acts that "adversely affect the terms, conditions, or benefits of the plaintiff's employment." *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375–76 (4th Cir. 2004). Here, Shenton has alleged sufficient facts to satisfy these elements. Shenton alleges that he reported age-based comments and Aerojet's "high potential" program to his supervisors and Human Resources, and that he eventually filed an EEOC charge. (Complaint ¶ 25). Both Shenton's internal complaints and filing of an EEOC charge qualify as protected activity. *DeMasters*, 796 F.3d at 417; *King*, 328 F.3d at 151. Furthermore, Shenton alleges that Aerojet removed him from his position as VPO in March 2015 and subsequently failed to consider him for job openings at the executive level. (Complaint ¶¶ 28–29). As discussed above, both qualify as adverse employment actions. *See Adams v. Anne Arundel Co. Public Schools*, 789 F.3d 422, 431 (4th Cir. 2015); *James*, 368 F.3d at 375–76; *Boone v. Goldin*, 178 F.3d 253, 255–56 (4th Cir. 1999).

Shenton falls short, however, on the third element. To establish a direct causal connection between protected activity and adverse employment action, a plaintiff must allege that his employer—specifically, the "relevant decisionmaker[s]" who undertook the alleged adverse actions—had knowledge of the plaintiff's protected activity. *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998) (deeming this requirement "absolutely necessary" in Title VII retaliation case). *See also Causey v. Balog*, 162 F.3d 795, 803–04 (4th Cir. 1998) (extending *Dowe*'s employer knowledge requirement to ADEA

10

retaliation claim); *O'Brien v. U.S. Postal Serv.*, No. 6:10-cv-00054, 2011 WL 2471294, at *3 (W.D. Va. June 20, 2011) (applying *Dowe*'s employer knowledge requirement in Title VII case). Here, Shenton alleges that he "complained to his supervisors and Human Resources" about "discriminatory conduct by high level company executives," including age-based comments and Aerojet's "high potential" program. (Complaint ¶ 21). However, Shenton does not identify the specific Aerojet employees or supervisors he complained to, the specific employees or supervisors who decided to demote him in March 2015, or the specific employees or supervisors who declined to consider him for COO and senior Vice President openings. More glaring still is Shenton's failure to allege that these unnamed decisionmakers were aware of his complaints or EEOC charge. Without this factual context, Shenton fails to adequately allege a direct causal connection between his protected activity and Aerojet's decision to demote him and pass him over for promotions.

Absent an employer's direct knowledge of protected activity, temporal proximity between protected activity and adverse action can serve as circumstantial evidence of a causal connection between the two. *See Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007). Plaintiffs relying solely on "mere temporal proximity" between protected activity and adverse action must demonstrate that the two were "very close" in time. *Clark Co. School Dist. v. Breeden*, 532 U.S. 268, 272–74 (2001). A "lengthy time lapse" between an employer's awareness of protected activity and the adverse action "negates any inference" of a "causal connection" between the two. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 501 (4th Cir. 2005). Courts in the Fourth Circuit have found various stretches of time between protected activity and adverse action too long to infer causation from temporal proximity alone. *See, e.g., Causey v. Balog*, 162 F.3d 795, 803–04 (4th Cir. 1998) (thirteen

11

months); *Perry v. Kappos*, 489 F. App'x 637, 643 (4th Cir. 2012) (compiling Fourth Circuit cases finding gaps of ten weeks, three months, and four months too long); *Phillips v. Lynchburg Fire Dept.*, No. 6:16-cv-00063, 2017 WL 2424715, at *8 (W.D. Va. June 5, 2017) ("more-than-ten-month gap" too long).[5]

Here, Shenton states only that he was "treated differently," demoted, and passed over for advancement opportunities "*shortly after*" he complained about alleged age discrimination to his supervisors and Human Resources. (Complaint ¶ 24). But Shenton alleges no specific dates or units of time (beyond his allegation that he was demoted in "March 2015" and passed over for promotions "[s]ince 2014") from which the Court can determine the time period between Shenton's protected activity and alleged adverse action. (*Id.* ¶¶ 28–29). When pressed at oral argument about how much time passed between Shenton's complaints and the alleged adverse actions, Shenton's counsel could not provide a specific answer or even a ballpark estimate. Thus, the Court is left to guess what "shortly after" means—whether days, weeks, or months. Without more factual context regarding the timing of Shenton's complaints, demotion, and denied promotions, Shenton has failed to plausibly allege temporal proximity. Accordingly, Shenton has failed to offer either direct or circumstantial allegations of a causal connection between his protected activity and Aerojet's decision to demote him and pass him over for promotions.

In sum, although Shenton has adequately alleged that he engaged in protected activity

---

[5] The requirements for establishing causation through temporal proximity alone have largely been developed in Title VII retaliation cases. *See, e.g., Clark Co. School Dist. v. Breeden*, 532 U.S. 268, 272–74 (2001); *Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 501 (4th Cir. 2005). However, district courts in the Fourth Circuit have consistently applied Title VII temporal proximity holdings to ADEA retaliation claims. *See, e.g., Phillips v. Lynchburg Fire Dept.*, No. 6:16-cv-00063, 2017 WL 2424714, at *8 (W.D. Va. June 5, 2017); *Fitzgerald v. Ennis Business Forms, Inc.*, No. 7:05-cv-00782, 2007 WL 81797, at *7 – 8 (W.D. Va. Jan. 8, 2007); *Norman v. City of Roanoke, Va.*, No. 7:04-cv-00278, 2005 WL 1528415, at *5 (W.D. Va. June 22, 2005).

and suffered adverse employment actions, he has failed to make an adequate showing of a causal connection between the two. Shenton's retaliation claim therefore will be dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Aerojet's motion to dismiss as to Shenton's discrimination claim but will grant the motion as to Shenton's retaliation claim, which will be dismissed without prejudice.

An appropriate order will issue, and the Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this __7th__ day of September, 2018.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE